## 12974. ROME RAILWAY AND LIGHT COMPANY v. GADDIS.

In the transportation of passengers it is the duty of a railway company to exercise extraordinary care for their safety; and, under the allegations of the plaintiff's petition, it was for the jury to say whether this duty required that the street-railway company's motorman, before running his car (on which the plaintiff's husband was a passenger) onto the track of the Southern Railway Company and in front of an oncoming train, should get off the car and see and know that it would not collide with the train.

The demurrer of the Rome Railway and Light Company to the plaintiff's petition was properly overruled.

DECIDED FEBRUARY 14, 1922.

Action for damages; from Floyd superior court — Judge Wright. October 3, 1922.

*L. A. Dean, Lamar Camp,* for plaintiff in error.
*Porter & Mebane,* contra.

BROYLES, C. J.  This was a joint suit brought against the Rome Railway and Light Company and the Southern Railway Company, to recover damages for the homicide of the plaintiff's husband. The plaintiff alleged that her husband was riding as a passenger in one of the cars of the Rome Railway and Light Company, and that a collision occurred between the car in which he was riding and a passenger-train of the Southern Railway Company at a point where the tracks of the Rome Railway and Light Company's car-line crossed the tracks of the Southern Railway Company, and that as a result of this collision her husband received injuries to his person which caused his death several months later.  Upon the call of the case the Rome Railway and Light Company interposed the following demurrer (the formal parts being here omitted): "The allegations in said petition do not set forth a cause of action against this defendant, and there is no cause shown therein." "The allegations in plaintiff's petition show that the independent intervening cause was the alleged negligence of the Southern Railway Company, its agents and employees, and that but for such intervening cause no injury would have occurred to plaintiff's husband." "The only allegation of negligence in said petition charged against this defendant is that the street-car motorman 'ran said street-car on which petitioner's said husband was a passenger as aforesaid out and on and across the tracks of said Southern Railway Company and in front of said oncoming, powerful, and fast-running train, without getting off his car and seeing and knowing that his said car would not collide with said train.' Defendant says that this does not allege negligence upon the part of this defendant to constitute a cause of action."

We think the demurrer was properly overruled.  The plaintiff's husband was being transported as a passenger by the Rome Railway and Light Company, and therefore that company owed him extraordinary care for his protection and safety.  Under the facts, and the allegations of negligence, as set forth in the petition, it was for the jury to say whether extraordinary care for the safety of the plaintiff's husband required the motorman of the car (in which the husband was a passenger), before he ran his car onto the tracks of the Southern Railway Company and in front of the oncoming passenger-train, to get off of his car to see and know that his car would not collide with such train.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*